**Luis Alexander DUENAS–ALVAREZ,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–74471.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2006.*

Decided April 18, 2006.

Luis Alexander Duenas–Alvarez, El Centro, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Robbin K. Blaya, Esq., Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, MCKEOWN,
and PAEZ, Circuit Judges.

MEMORANDUM **

Luis Alexander Duenas–Alvarez, a native and citizen of Peru, petitions pro se for review of the Board of Immigration Appeals' dismissal of his appeal of an immigration judge's order of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252.

The IJ found that Duenas–Alvarez's conviction for taking a vehicle without consent in violation of California Vehicle Code § 10851(a) categorically met the definition of a theft offense and, as such, qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43). As the government notes, we recently held that a violation of section 10851(a) does not categorically qualify as a theft offense because that section is broader than the generic definition of a theft offense under 8 U.S.C. § 1101(a)(3)(G). *See Penuliar v. Gonzales,* 435 F.3d 961 (9th Cir.2006). Accordingly, we remand this petition to the Board for further proceedings in light of *Penuliar.*

**REMANDED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

