**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ALEXANDER DUENAS-ALVAREZ, | No. 04-74471 |
| *Petitioner*, | Agency No. A072-984-337 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | OPINION |
| *Respondent*. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued March 7, 2011
Resubmitted August 13, 2013
Pasadena, California

Filed August 20, 2013

Before:  Stephen Reinhardt, Susan P. Graber,* and
Kim McLane Wardlaw, Circuit Judges.

Opinion by Judge Graber;
Concurrence by Judge Reinhardt

---

  * Judge Susan Graber was drawn to replace Judge Betty Fletcher.  She has read the briefs, reviewed the record, and listened to the recording of oral argument held on March 7, 2011.

## SUMMARY[**]

### Immigration

Following the Supreme Court's order in *Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007), vacating and remanding this court's opinion in *Duenas-Alvarez v. Gonzales*, 176 F. App'x 820 (9th Cir. 2006) (unpublished), the panel denied Luis Alexander Duenas-Alvarez's petition for review.

The panel held that the offense of taking a vehicle without consent, in violation of California Vehicle Code § 10851(a), is a divisible statute.  Applying the modified categorical approach, the panel determined that petitioner was charged as a principal and not as an accessory after the fact.  The panel also held that petitioner was convicted of an act more serious than joy-riding, where Board of Immigration Appeals' and this court's precedent define a theft offense to include taking property without consent, even if the deprivation is less than total or permanent.

Judge Reinhardt concurred, writing that he was bound to do so under *Cabantac v. Holder*, No. 09-71336, 2013 WL 4046052 (9th Cir. Aug. 9, 2013) (per curiam), and *United States v. Valdavinos-Torres*, 704 F.3d 679 (9th Cir. 2012) (regarding the evidence and facts which this court may consider in its modified categorical analysis).

---

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Allen E. Schoenfeld (argued), Christopher J. Meade, Anne K. Small, Janet Carter, Matthew Jones, and Emily M. Meyers, Wilmer Cutler Pickering Hale and Dorr LLP, New York, New York, for Petitioner.

Bryan S. Beier (argued), Carol Federighi, and Allen W. Hausman, Senior Litigation Counsel, Tony West and Peter D. Keisler, Assistant Attorneys General, and Richard M. Evans, Assistant Director, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

**OPINION**

GRABER, Circuit Judge:

Petitioner Luis Alexander Duenas-Alvarez is a native and citizen of Peru who entered the United States in 1990. He became a lawful permanent resident in 1998. In 2002, he was convicted of having violated California Vehicle Code section 10851(a). Thereafter, removal proceedings were initiated. An immigration judge and the Board of Immigration Appeals ("BIA") found Petitioner removable because he had committed a theft offense that qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43). Petitioner sought review in this court. We granted the petition and remanded on the ground that section 10851(a) criminalizes aiding and abetting, which falls beyond the scope of a generic theft offense. *Duenas-Alvarez v. Gonzales*, 176 F. App'x 820 (9th Cir. 2006) (unpublished). The Supreme Court then granted certiorari, vacated our decision, and remanded the case to us.

*Gonzales v. Duenas-Alvarez*, 549 U.S. 183 (2007). We now deny the petition for review.

The question for decision is whether the government proved that Petitioner was convicted of a qualifying felony theft offense. Petitioner raises two arguments: (1) it is not clear that he was convicted as a principal, instead of as a mere accessory after the fact, under California Vehicle Code section 10851(a); and (2) it is not clear that he was convicted of an act more serious than joy-riding. Neither argument persuades us.

Under the categorical approach, we "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime—*i.e.*, the offense as commonly understood." *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). As the Supreme Court recently clarified, we apply a variant of this method, the modified categorical approach, "when a prior conviction is for violating a so-called 'divisible statute.'" *Id.* A divisible statute is one that

> sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits . . . courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the

> categorical approach demands:  compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

*Id.*

As relevant here, California Vehicle Code section 10851(a) is divisible in that it imposes criminal liability in the alternative on principals as well as on accessories after the fact.  *See* Cal. Vehicle Code § 10851(a) ("Any person who drives or takes . . . *or* any person who is a party *or* an accessory *to or* an accomplice in the driving or unauthorized taking or stealing, is guilty of a public offense . . . ." (emphases added)); *see also United States v. Vidal*, 504 F.3d 1072, 1082 (9th Cir. 2007) (en banc) (holding that there is "a 'realistic probability' that California 'would apply [section 10851(a)] to conduct that falls outside the generic definition of' a theft offense," that is, to the conduct of an accessory after the fact (quoting *Duenas-Alvarez*, 549 U.S. at 193)). We therefore apply the modified categorical approach to determine whether Petitioner was convicted as a principal, instead of as an accessory after the fact.

In *United States v. Snellenberger*, 548 F.3d 699 (9th Cir. 2008) (en banc) (per curiam), we held that we may look to documents such as the minute order or abstract of judgment when applying the modified categorical approach.  More recently, in *Cabantac v. Holder*, No. 09-71336, 2013 WL 4046052, at *5 (9th Cir. Aug. 9, 2013) (per curiam), we held that "where, as here, the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count."  Finally, in *United States v.*

*Valdavinos-Torres*, 704 F.3d 679, 686–89 (9th Cir. 2012), we examined a charging paper in combination with other documents in the record, including the abstract of judgment, to determine whether the defendant had pleaded guilty to an aggravated felony. Applying those principles here, we reject Petitioner's first argument.

Count 1 of the information charged that on a certain date in 2002, Petitioner committed "the crime of taking a vehicle without the owner's consent, in violation of Section 10851(a) of the Vehicle Code, a felony," and specifically that he "did willfully and unlawfully drive or take" a 1992 Honda Accord belonging to someone else "without the consent of and with the intent to permanently or temporarily deprive the said owner of title to and possession of" it. By contrast, the information omitted any mention of, or text from, the portion of the statute that refers to accessories after the fact. Thus, Count 1 clearly and unambiguously charged Petitioner as a principal who personally drove or took the vehicle of another, without consent and with the intent to deprive the owner of it. Consistent with the information, the abstract of judgment shows that Petitioner was convicted by guilty plea of Count 1, "auto theft" under section 10851(a), and that he was imprisoned for three years.

Petitioner's second argument fares no better. The BIA has held that California Vehicle Code section 10851(a) is a categorical theft offense even though, in some circumstances, it criminalizes taking a vehicle temporarily, as distinct from permanently. *In re V-Z-S-*, 22 I. & N. Dec. 1338 (B.I.A. 2000) (en banc). Like the BIA, we have defined a "theft offense" to include taking property without consent and with the intent to deprive the owner of the property, even if the deprivation is less than total or permanent. *United States v.*

*Corona-Sanchez*, 291 F.3d 1201, 1205 (9th Cir. 2002) (en banc), *superseded on other grounds by* U.S.S.G. § 2L1.2 cmt. n.4 (2002). Accordingly, Petitioner's second argument is foreclosed by binding precedent.

**Petition DENIED.**

---

REINHARDT, Circuit Judge, concurring.

I concur because I am bound to do so by *Cabantac v. Holder*, No. 09-71336, 2013 WL 4046052 (9th Cir. Aug. 9, 2013) (per curiam), and *United States v. Valdavinos-Torres*, 704 F.3d 679 (9th Cir. 2012).