**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS MURILLO-PRADO, *Petitioner*, | No. 09-72034 |
| v. | Agency No. A042-062-854 |
| ERIC H. HOLDER, JR., Attorney General, *Respondent*. | OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 7, 2013[*]
San Francisco, California

Filed November 20, 2013

Before: Jerome Farris, Susan H. Black,[**]
and Sandra S. Ikuta, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Susan H. Black, Senior Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

## SUMMARY[***]

### Immigration

The panel dismissed for lack of jurisdiction Jose Luis Murillo-Prado's petition for review from the Board of Immigration Appeals' decision finding that his conviction for illegally conducting an enterprise, in violation of Arizona Revised Statute § 13-2301, constituted a racketeering aggravated felony.

Applying the modified categorical approach because the definition of racketeering under Arizona law is divisible, the panel held that the indictment, plea agreement, and sentencing order provided clear and convincing evidence that Murillo-Prado was convicted of a racketeering aggravated felony under 8 U.S.C. § 1101(a)(43)(J), and that he was thus ineligible for cancellation of removal.

### COUNSEL

John M. Pope, Pope & Associates, Phoenix, Arizona, for Petitioner.

Tony West, Assistant Attorney General; Mary Jane Candaux, Assistant Director; Michael C. Heyse, Trial Attorney, United States Department of Justice, Office of Immigration Litigation Civil Division, Washington D.C., for Respondent.

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PER CURIAM:

Jose Murillo-Prado petitions for review from the decision of the Board of Immigration Appeals (BIA) finding him ineligible for cancellation of removal because his conviction for racketeering under Arizona law constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(J). We dismiss the petition.

BACKGROUND

Jose Luis Murillo-Prado is a native and citizen of Mexico. He was admitted as a conditional lawful permanent resident of the United States on April 10, 1989. Those conditions were removed on June 26, 1991.

On November 26, 2008, the Department of Homeland Security (DHS) issued Murillo-Prado a Notice to Appear (NTA). In allegation six of the NTA, the DHS alleged that on June 7, 2006, Murillo-Prado was convicted of Illegally Conducting an Enterprise, in violation of, *inter alia*, Ariz. Rev. Stat. § 13-2301. The NTA alleged Murillo-Prado was sentenced to three years in prison for this conviction.

On the basis of allegation six, the DHS charged Murillo-Prado with removability as an alien who was convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). The DHS relied on 8 U.S.C. § 1101(a)(43)(J), which includes as an aggravated felony an offense described in 18 U.S.C. § 1962 relating to racketeer influenced corrupt organizations for which a sentence of imprisonment of one year or more can be imposed.

At a master calendar hearing on January 22, 2009, Murillo-Prado appeared with counsel and denied allegation six of the NTA. At a hearing before the Immigration Judge (IJ) on February 25, 2009, the IJ sustained the racketeering charge of removability based on the evidence in the record. On March 11, 2009, the IJ ordered Murillo-Prado removed from the United States to Mexico based in part on the IJ's determination that Murillo-Prado's conviction for racketeering was an aggravated felony.

The IJ explained he had sustained allegation six based on the documentation establishing Murillo-Prado's conviction for illegally conducting an enterprise and a sentence of three years out of Maricopa County, Arizona Superior Court on June 7, 2006. Because Murillo-Prado was convicted of an aggravated felony, the IJ found he was ineligible for cancellation of removal, voluntary departure, or any other relief.[1]

Murillo-Prado appealed to the BIA. He asserted the IJ erred in finding him removable as an aggravated felon for racketeering because the Arizona statute of conviction is missing essential elements of the generic or federal definition of racketeering. Applying the modified categorical approach, the BIA determined the language in the record of conviction made it clear that Murillo-Prado was convicted of an aggravated felony as defined by federal law. Thus, the BIA found no reversible error in the IJ's holding that Murillo-

---

[1] The Immigration Judge sustained the DHS's charge that Murillo-Prado was also removable for having been convicted of a firearms offense under 8 U.S.C. § 1227(a)(2)(C). This firearms offense, unlike an aggravated felony, does not bar Murillo-Prado's application for other forms of relief and is not before this Court.

Prado is an aggravated felon and ineligible for cancellation of removal.

## JURISDICTION AND STANDARD OF REVIEW

We lack jurisdiction "to review an order of removal against an alien removable for having committed an aggravated felony." *Lopez-Jacuinde v. Holder*, 600 F.3d 1215, 1217 (9th Cir. 2010); 8 U.S.C. § 1252(a)(2)(C). "Nonetheless, this Court retains jurisdiction to determine its jurisdiction, which includes determining whether a particular offense constitutes an offense governed by the jurisdiction-stripping provisions." *Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 909 (9th Cir. 2004). Consequently, we can reach the question of whether Romero's conviction constituted an aggravated felony, a question we review *de novo*. *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1038 (9th Cir. 2011).

## DISCUSSION

Murillo-Prado contends the DHS did not "establish unequivocally" that his state racketeering offense qualified as an aggravated felony because the documents submitted by the DHS to prove his prior conviction leave the court to speculate regarding which subsection of the Arizona racketeering statute he violated. We disagree and hold that Murillo-Prado's conviction for racketeering under Arizona law constitutes an aggravated felony as defined in § 1101(a)(43)(J).

An "alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). The Immigration and Nationality Act

defines an "aggravated felony" in a set of listed offenses that includes "an offense described in section 1962 of Title 18 (relating to racketeer influenced corrupt organizations) . . . for which a sentence of one year imprisonment or more may be imposed." 8 U.S.C. § 1101(a)(43)(J).

To determine whether a past conviction qualifies as an aggravated felony, courts use either the categorical or modified categorical approach. *Duenas-Alvarez v. Holder*, __ F.3d __, 2013 WL 4417587 at *1 (9th Cir. Aug. 20, 2013). The categorical approach requires the Court to "compare the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime–*i.e.*, the offense as commonly understood." *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276, 2281 (2013). "Under this approach we look not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony." *Moncrieffe v. Holder*, __ U.S. __, 133 S. Ct. 1678, 1684 (2013) (quotations omitted).

A variant of this method, the modified categorical approach, is applied "when a prior conviction is for violating a so-called 'divisible statute.'" *Descamps*, 133 S. Ct. at 2281. A divisible statute is one that

> sets out one or more elements of the offense in the alternative–for example, stating that burglary involves entry into a building *or* an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach

permits . . . courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

*Id.*

The federal "generic" crime at issue in this case is the criminal racketeering statute, 18 U.S.C. § 1962, which prohibits "any person" from "conduct[ing] or participat[ing], directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity." *See Nijhawan v. Holder*, 557 U.S. 29, 37 (2009) (listing subparagraph (J) of 8 U.S.C. § 1101(a)(43) as an example of where that statute refers to a generic crime). The federal statute sets out an exhaustive list of crimes that constitute racketeering activity, including "any act . . . involving . . . robbery . . . or dealing in a controlled substance," "wire fraud," and "the laundering of monetary instruments." *See* 18 U.S.C. § 1961(1).[2]

---

[2] In greater detail, the definition of "racketeering activity" includes:

(A) any act or threat involving . . . robbery, . . . or dealing in a controlled substance or listed chemical . . . which is chargeable under State law and punishable by imprisonment for more than one year; (B) any act which is indictable under . . . title 18, United States Code: . . . section 1343 (relating to wire fraud), . . . section 1951 (relating to . . . robbery), . . . section 1956

As compared to the enumerated federal offenses listed in 18 U.S.C. § 1961(1), Arizona's definition of racketeering, Ariz. Rev. Stat. § 13-2301(D)(4), includes two offenses not explicitly listed in its federal counterpart: (1) "[i]ntentional or reckless false statements or publications concerning land for sale or lease or sale of subdivided lands or sale and mortgaging of unsubdivided lands," *id.* § 13-2301(D)(4)(b)(xvi); and (2) making "[o]bscene or indecent telephone communications to minors for commercial purposes," *id.* § 13-2301(D)(4)(b)(xxvii).

We apply the modified categorical approach in this case because the definition of racketeering under Arizona law is divisible, and contains both offenses that would constitute racketeering under federal law, and offenses that would not. We have taken this approach with the Arizona racketeering statute in other contexts. *See Lara-Chacon v. Ashcroft*, 345 F.3d 1148, 1152–53 (9th Cir. 2003) (noting the broad range of conduct punishable under Ariz. Rev. Stat. § 13-2301(D)(4) and applying the modified categorical approach to determine whether a petitioner's racketeering conviction constituted a "drug trafficking crime"). In applying the modified categorical approach, the evidence submitted by the government to prove a prior conviction in an immigration proceeding "must meet a 'clear and convincing' standard." *Nijhawan*, 557 U.S. at 41–42.

---

(relating to the laundering of monetary instruments) . . . ; (D) any offense involving . . . the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical . . . punishable under any law of the United States . . . .

18 U.S.C. § 1961(1).

In applying the modified categorical approach, we evaluate a select list of reviewable documents. *Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 887–88 (9th Cir. 2003). The Supreme Court has held the types of documents a court may consider include: "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 554 U.S. 13, 16 (2005).

Murillo-Prado's written plea agreement states that he pled guilty to "Count 2, Illegally Conducting an Enterprise." When a plea agreement makes direct reference to a specific count in the charging document, the charging document "may be considered in combination with other documents in the record to determine whether [the petitioner] pled guilty to an aggravated felony." *United States v. Valdavinos-Torres*, 704 F.3d 679, 687 (9th Cir. 2012). Here, Count 2 of the indictment charged Murillo-Prado and multiple codefendants with being "employed by or associated with an enterprise," and "knowingly conducting such enterprise's affairs through racketeering" or knowingly participating "directly or indirectly in the conduct of the enterprise which they knew was being conducted through racketeering." Count 2 of the indictment specified that the racketeering included:

> a. Possession or Use, Possession for Sale, Transportation for Sale, Importation into this State, and/or Offer to Transport for Sale or Import into this State, Marijuana, Methamphetamine, and Cocaine, in violation of A.R.S. § 13-3405, 13-3407, and 13-3408;

b.  Sale or Transfer, and/or Offer to Sell or Transfer, Marijuana, Methamphetamine, and Cocaine, in violation of A.R.S. §§ 13-3405, 3407, and 13-3408;

c.  Use of a Wire Communication in the Commission of a Drug Related Felony, in violation of A.R.S. § 13-3417;

d.  Money Laundering, in violation of A.R.S. § 13-2317; and

e.  Armed Robbery, in violation of A.R.S. § 13-1902, 13-1903, and 13-1904, including, but not limited to, the acts of racketeering described in Counts 3 through 160 of this Indictment . . . .

Each of the stated charges for racketeering has a federal analogue. Murillo-Prado does not argue that any of his drug-related, money laundering, or armed robbery racketeering crimes are not listed in the federal definition of racketeering. He contends, instead, that we are left to speculate as to which of the subsections of the racketeering statute he violated because the sentencing court's order did not identify a specific subsection of the racketeering statute. This argument is meritless because the sentencing court's order states that Murillo-Prado's three-year sentence was imposed because he pled guilty to Count 2. Count 2 of the indictment provides the subsections of the racketeering statute to which Murillo-Prado pled guilty, all of which are included in the federal racketeering definition. *See* 18 U.S.C. § 1961(1).

The language in the indictment, plea agreement, and sentencing order is clear and convincing evidence that Murillo-Prado was convicted of an offense coming within the definition of "aggravated felony." *See Nijhawan*, 557 U.S. at 41–42; *Shepard*, 544 U.S. at 16. The BIA did not err in determining that Murillo-Prado's Arizona conviction for racketeering constituted an aggravated felony, and that he was therefore ineligible for cancellation of removal under 8 U.S.C. § 1229b. Consequently, we lack jurisdiction to review Murillo-Prado's petition.

**PETITION DISMISSED.**