**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAR 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 13-30020 & 13-30025 |
| Plaintiff–Appellee, | D.C. Nos. 2:08-CR-21-RHW & 2:12-CR-21-RHW |
| v. | |
| ULISES COPAS-VILLEGAS, | MEMORANDUM[*] |
| Defendant–Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, District Judge, Presiding

Submitted March 7, 2014[**]
Portland, Oregon

Before: TROTT and W. FLETCHER, Circuit Judges, and BLOCK, Senior District

Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Ulises Copas-Villegas appeals his conviction for illegal reentry, *see* 8 U.S.C. § 1326, as well as the revocation of his supervised release based on the same conduct. He argues that the removal proceeding underlying both the conviction and the revocation did not comport with due process because he was not advised of the possibility of voluntary departure.

Copas-Villegas was ordered removed based on a 2002 conviction for a violation of Washington Revised Code § 69.50.401(a)(1)(i) (2001), which makes it unlawful "for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance . . . classified in Schedule I or II which is a narcotic drug." Because an alien convicted of an aggravated felony is not eligible for voluntary departure, *see* 8 U.S.C. § 1229c(a)(1), Copas-Villegas's due-process challenge depends entirely on whether his 2002 conviction was an for "aggravated felony" within the meaning of 8 U.S.C. § 1101(a)(43)(B).

"[A] state drug crime is an aggravated felony if it would be punishable as a felony under the federal drug laws." *Rendon v. Mukasey*, 520 F.3d 967, 974 (9th Cir. 2008) (citing *Lopez v. Gonzales*, 549 U.S. 47, 52-53 (2006)). Copas-Villegas argues that § 69.50.401(a)(1)(i) proscribes solicitation, while the federal drug laws do not.

"To determine whether a past conviction qualifies as an aggravated felony, courts use either the categorical or modified categorical approach." *Murillo-Prado v. Holder*, 735 F.3d 1152, 1156 (9th Cir. 2013) (en banc). Assuming *arguendo* that § 69.50.401(a)(1)(i) is categorically overbroad because it proscribes solicitation, *but see In re Hopkins*, 976 P.2d 616, 617 (Wash. 1999), we nonetheless conclude that Copas-Villegas's 2002 conviction was for an aggravated felony under the modified categorical approach. In connection with his guilty plea, Copas-Villegas submitted a written allocution describing his guilt "in [his] own words": "On Nov. 1, 2002, in King County, Washington, I did possess with intent to deliver cocaine, knowing it was a controlled substance." Thus, Copas-Villegas admitted to actual possession with intent to deliver, which is unquestionably a crime under the federal drug laws. *See Parrilla v. Gonzales*, 414 F.3d 1038, 1044 (9th Cir. 2005) (holding that documents may be considered under the modified categorical approach "if specifically incorporated into the guilty plea or admitted by a defendant").

AFFIRMED.