**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30065 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00437-MA-1 |
| v. | |
| FRANCISCO GODINEZ-VALENCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, Senior District Judge, Presiding

Submitted May 13, 2014[**]
Portland, Oregon

Before: GOODWIN, IKUTA, and N.R. SMITH, Circuit Judges.

Francisco Godinez-Valencia appeals the district court's decision that his

conviction under Oregon Revised Statutes section 163.365 qualifies as an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

aggravated felony under 8 U.S.C. § 1101(a)(43)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo whether a past conviction constitutes an aggravated felony. *Murillo-Prado v. Holder*, 735 F.3d 1152, 1156 (9th Cir. 2013). Oregon's statute proscribes sexual intercourse with a minor under fourteen years of age. *See* Or. Rev. Stat. § 163.365(1). Godinez-Valencia's conviction under this statute qualifies as an aggravated felony, because it categorically constitutes sexual abuse of a minor under the three-part federal generic definition articulated in *United States v. Baron-Medina*, 187 F.3d 1144 (9th Cir. 1999).[1]

First, the conduct proscribed by the statute is sexual. *See United States v. Medina-Villa*, 567 F.3d 507, 513 (9th Cir. 2009). Second, the statute protects minors. *See id.* Third, the statute proscribes only sexual conduct with children under the age of fourteen, and therefore prohibits conduct that is per se abusive. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1107 (9th Cir. 2010).

**AFFIRMED**.

---

[1]Our holding compels rejection of Godinez-Valencia's alternative argument that Oregon Revised Statutes section 163.365 does not constitute sexual abuse of a minor under the sentencing guidelines. *See United States v. Medina-Villa*, 567 F.3d 507, 511–12 (9th Cir. 2009) ("[D]ecisional law defining the term 'sexual abuse of a minor' in the sentencing context is informed by the definition of the same term in the immigration context and vice versa." (citations omitted)).