**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABELARDO VALLE-CORTEZ, | No. 11-70567 |
| Petitioner, | |
| | Agency No. A041-830-399 |
| v. | |
| | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 9, 2015[**]
Pasadena, California

Before:    REINHARDT, TASHIMA, and CLIFTON, Circuit Judges.

Abelardo Valle-Cortez ("Cortez") petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal of an Immigration

Judge's ("IJ") decision ordering him removed to Mexico.  We dismiss in part and

deny in part Cortez's petition.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

**1.**     Cortez argues that the BIA incorrectly found him removable under Immigration and Nationality Act ("INA") § 237(a)(2)(B)(i).  We lack jurisdiction to review this claim because Cortez failed to exhaust this argument with the BIA. We may only review a final order of removal if "the alien has exhausted all administrative remedies available to the alien . . . ."  8 U.S.C. § 1252(d)(1).  "This requirement 'generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below.'"  *Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011) (per curiam) (quoting *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004)).  Although "we do not employ the exhaustion doctrine in a formalistic manner," a petitioner must raise an issue to the BIA with enough particularity to "'put the BIA on notice' as to the specific issues" that are in dispute, "so that the BIA has 'an opportunity to pass on those issues.'"  *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008) (quoting *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam) (brackets omitted)).

In this case, it is plain that Cortez failed to exhaust his INA § 237(a)(2)(B)(i) argument with the BIA.  In his brief to the BIA, Cortez specifically limited the issues he was raising to his aggravated felony claim, stating that "[t]*he only issue currently before the [BIA] is the statutory eligibility of the Respondent for*

Cancellation of Removal under INA Section 240A(a)." Similarly, in his Notice of Appeal, Cortez identified only one issue: that "[t]he [IJ] erred in concluding that [Cortez] was an aggravated felon and thus ineligible for Cancellation of Removal for Legal Permanent Residents under INA §240A(a)." Thus, the record is clear that Cortez failed to "put the BIA on notice" that Cortez was challenging the IJ's decision finding him removable under INA § 237(a)(2)(B)(i), and the BIA was deprived of "an opportunity to pass on th[is] issue[]." *Figueroa*, 543 F.3d at 492 (quoting *Zhang*, 388 F.3d at 721). Accordingly, we dismiss this portion of Cortez's petition for review for failure to exhaust.

2.    Cortez also argues that the BIA erred in finding him ineligible for cancellation of removal under INA § 240A(a), which provides that cancellation of removal is only available to aliens that "ha[ve] not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a)(3). We have jurisdiction to review this claim under 8 U.S.C. § 1252(a)(2)(D). *See Rendon v. Holder*, 764 F.3d 1077, 1082 (9th Cir. 2014).

In 2005, Cortez pleaded nolo contendre to violating California Vehicle Code ("CVC") § 10851(a), which prohibits a person from either "driv[ing] or tak[ing] a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her

3

title to or possession of the vehicle," or from being "a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing" of a vehicle. Cal. Veh. Code § 10851(a). In *Duenas-Alvaraez v. Holder*, we concluded that, if the "limited class of documents" that *Shepard v. United States*, 544 U.S. 13 (2005), permits the BIA to consult in applying the modified categorical approach demonstrates that a defendant was convicted of CVC § 10851(a) as a "principal, instead of as a mere accessory after the fact," the crime of conviction is an aggravated felony as that term is defined by INA § 240A(a). 733 F.3d 812, 814-15 (9th Cir. 2013).[1] Cortez's record of conviction contains two *Shepard*-approved documents: the felony complaint and the minute entry recording Cortez's judgment and conviction. "When a court using the modified categorical approach to determine whether an underlying conviction is a predicate offense relies solely on the link between the charging papers and the abstract of judgment, that link must be clear and convincing." *Medina-Lara v. Holder*, 771 F.3d 1106, 1113 (9th Cir. 2014). In other words, the abstract of judgment must "clearly reference[] the count to which the defendant pleaded guilty." *Id.*

---

[1] In *Duenas-Alvarez*, we also concluded that CVC § 10851(a) is not categorically an aggravated felony, but that it is divisible under *Descamps v. United States*, 133 S.Ct. 2276 (2013). 733 F.3d at 814. Cortez does not challenge either holding here.

Here, Cortez's record of conviction contains several "clear references" to the felony complaint. The docket sheet recording Cortez's conviction provides that Cortez pleaded "Nolo contendre to Count 01 a violation of Section 10851(a) VC. The Court finds the defendant guilty." The docket sheet further provides "Count (01) : Disposition : Convicted." Cortez's record of conviction clearly demonstrates the he was convicted of a particular count of the felony complaint (Count 1). Thus, the BIA was entitled to "consider the facts alleged in the" felony complaint to discern Cortez's crime of conviction. *Coronado v. Holder*, 759 F.3d 977, 986 (9th Cir. 2014).

Count 1 of the felony complaint charges Cortez with "unlawfully driv[ing] and tak[ing] a certain vehicle . . . then and there the personal property of MANUEL LOPEZ without the consent of and with intent, either permanently or temporarily to deprive the said owner of title to and possession of said vehicle." In *Duenas-Alvarez*, we concluded that the petitioner had been convicted of violating § 10851(a) as a principal based on materially indistinguishable language. *See* 733 F.3d at 815. Accordingly, the BIA did not err in concluding that Cortez had been convicted of violation § 10851(a) as a principal, rather than as an accessory after the fact. Moreover, because a violation of CVC § 10851(a) as a principal is an "aggravated felony," *see id.*, the BIA properly concluded concluding that Cortez

5

was ineligible for cancellation of removal.  Accordingly, we deny this portion of Cortez's petition for review.

**Petition for review DISMISSED in part and DENIED in part.**