**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCO GONZALEZ ZAMUDIO, AKA Francisco Gonzalez Zamudio, AKA Francisco Zamudio Gonzalez, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-72319 <br><br> Agency No. A037-442-070 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:   CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Francisco Gonzalez Zamudio, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order affirming an immigration

judge's removal order.  We have jurisdiction under 8 U.S.C. § 1252.  We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo constitutional challenges and questions of law. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We deny the petition for review.

The agency correctly determined that the record establishes that Zamudio was convicted under California Health and Safety Code § 11378, for possession for purpose of sale of methamphetamine, which constitutes a controlled substance violation under 8 U.S.C. § 1227(a)(2)(B)(i) that renders him removable. *See Padilla-Martinez*, 770 F.3d at 831 n.3; *Pagayon v. Holder*, 675 F.3d 1182, 1189 (9th Cir. 2011) (stating that methamphetamine is a federally-controlled substance). The plea form specifies both the controlled substance involved and the count in the charging document that also names the controlled substance. *See Murillo-Prado v. Holder*, 735 F.3d 1152, 1157 (9th Cir. 2013). Accordingly, Zamudio's claims that his due process rights were violated because the record documents allegedly did not establish removability fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice). In addition, the use of the June date on the Notice to Appear did not deprive Zamudio of a full and fair hearing. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000) ("[d]ue process is satisfied only by a full and fair hearing") (internal quotation marks omitted).

**PETITION FOR REVIEW DENIED.**