**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENJAMIN ORTEGA-NUNEZ, AKA Benjamin Nunez Ortega, AKA Benjamin Ortega, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-70169 <br><br> Agency No. A026-550-695 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016[**]

Before:     McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Benjamin Ortega-Nunez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Cabantac v. Holder*, 736 F.3d 787, 792 (9th Cir. 2013). We deny in part and dismiss in part the petition for review.

Under the modified categorical approach, the agency correctly concluded that Ortega-Nunez' convictions under California Vehicle Code § 10851(a) were aggravated felony theft offenses under 8 U.S.C. § 1101(a)(43)(G), where the record of conviction established that Ortega-Nunez' was convicted as a principal and that the terms of imprisonment imposed were at least one year. *See Duenas-Alvarez v. Holder*, 733 F.3d 812, 814-815 (9th Cir. 2013) (holding that we "apply the modified categorical approach to determine whether Petitioner was convicted as a principal, instead of as an accessory" under California Vehicle Code § 10851(a)); *Cabantac*, 736 F.3d at 793-94 ("[W]here, as here, the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count."). Accordingly, the agency correctly concluded that Ortega-Nunez was ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(a)(3).

To the extent Ortega-Nunez contends that his conviction is not an aggravated felony because he did not commit a permanent theft, we lack jurisdiction over that unexhausted contention. *See Tijani v. Holder*, 628 F.3d 1071,

1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

We do not reach Ortega-Nunez' contention that his convictions do not constitute crimes involving moral turpitude because the agency never concluded that his convictions were crimes involving moral turpitude. *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (citation and quotation marks omitted)).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**