**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 02 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AZU IBE OTAH,<br><br>  Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>  Respondent. | No. 13-73242<br><br>Agency No. A024-264-583<br><br><br>MEMORANDUM[*] |

| | |
|---|---|
| AZU IBE OTAH,<br><br>  Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>  Respondent. | No. 14-70528<br><br>Agency No. A024-264-583 |

On Petitions for Review of Orders of the
Board of Immigration Appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Before: NOONAN, BEA, and CHRISTEN, Circuit Judges.

Azu Otah is a citizen of Nigeria who entered the United States in 1980 on a six-month visitor visa and never left. In 2004, Otah was convicted of a misdemeanor violation of Cal. Health & Safety Code § 11550(a) (using or being under the influence of a controlled substance), for which he received a 120-day sentence. In 2006, Otah was convicted of a felony violation of Cal. Veh. Code § 10851(a) (taking or driving a vehicle without the consent of the owner), for which he received a two-year sentence. Immigration authorities detained Otah in 2010 and issued him a Notice to Appear. An immigration judge ("IJ") found Otah removable for having overstayed his visa and for having been convicted of a controlled-substance offense. The IJ also denied Otah's requests for asylum, adjustment of status, voluntary departure, withholding of removal, and relief under the Convention Against Torture ("CAT"). The Board of Immigration Appeals ("BIA") dismissed Otah's appeal, and also denied Otah's motion for reconsideration. Otah petitions for review of the BIA's decisions. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions for review.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. Otah conceded that he is removable for having overstayed his visa. We agree with the BIA that Otah is also removable for having been convicted of violating a state law "relating to a controlled substance (as defined in [21 U.S.C. § 802])." 8 U.S.C. § 1227(a)(2)(B)(i). California's controlled-substances laws are divisible by substance, and a violation of Cal. Health & Safety Code § 11550(a) renders an alien removable under 8 U.S.C. § 1227(a)(2)(B)(i) if the conviction relates to a federally controlled substance. *See, e.g.*, *United States v. Torre–Jimenez*, 771 F.3d 1163, 1165–67 (9th Cir. 2014). Here, the Notice to Appear alleged that Otah was convicted of violating Cal. Health & Safety Code § 11550(a) for using or being under the influence of cocaine, a federally controlled substance. Otah admitted, at the pleading stage, to this charge, which is sufficient to establish removability. *See Pagayon v. Holder*, 675 F.3d 1182, 1190 (9th Cir. 2011) (per curiam) (amended opinion) ("[I]t is clear that Pagayon made a 'pleading stage' admission that he had been convicted of a drug offense involving

methamphetamine; that admission alone established his removability.");

*Perez–Mejia v. Holder*, 663 F.3d 403, 410–15 (9th Cir. 2011).[1]

2. The BIA correctly concluded that Otah is ineligible for adjustment of status because his Cal. Health & Safety Code § 11550(a) conviction—for using or being under the influence of cocaine—renders him inadmissible. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1255(a).

3. The BIA correctly concluded that Otah's Cal. Veh. Code § 10851(a) conviction is an "aggravated felony" conviction that renders him ineligible for asylum and voluntary departure. *See* 8 U.S.C. §§ 1101(a)(43)(G), 1158(b)(2)(A)(ii), (B)(i), 1227(a)(2)(A)(iii), 1229c(a)(1); 8 C.F.R. § 1240.26(b)(1), (c)(1)(iii). Cal. Veh. Code § 10851(a) is an "aggravated felony" if committed as a principal. *See Duenas–Alvarez v. Holder*, 733 F.3d 812, 814–15 (9th Cir. 2013). Otah's pleading-stage admission to the charges in the Notice to Appear establishes

---

[1] The documents of conviction also establish that Otah was convicted of violating Cal. Health & Safety Code § 11550(a) for using or being under the influence of cocaine. *See Medina–Lara v. Holder*, 771 F.3d 1106, 1111–15 (9th Cir. 2014) (amended opinion). Before us, Otah objects to the use of uncertified copies of the documents of conviction, but Otah did not raise that objection to the IJ or the BIA, and we therefore lack jurisdiction to review it. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004). Furthermore, the dismissal of Otah's Cal. Health & Safety Code § 11550(a) conviction under Cal. Penal Code § 1203.4 does not change the immigration consequences of that conviction. *See Nunez–Reyes v. Holder*, 646 F.3d 684, 695 & n.7 (9th Cir. 2011) (en banc).

that he was convicted of violating Cal. Veh. Code § 10851(a) as a principal, and, thus, that he was convicted of an "aggravated felony," rendering him ineligible for these forms of relief. *See Pagayon*, 675 F.3d at 1190; *Perez–Mejia*, 663 F.3d at 410–15, 418–19.[2]

4. Although Otah presented several grounds supporting his withholding-of-removal claim to the IJ and the BIA, before us, he argues only that, if he were removed to Nigeria, he would be persecuted by Nigerian officials due to his California drug conviction. We agree with the BIA that "drug convicts" do not constitute a "particular social group" entitled to seek withholding of removal. *See* 8 U.S.C. § 1231(b)(3); *Arteaga v. Mukasey*, 511 F.3d 940, 946 (9th Cir. 2007); *Shafiei v. INS*, 877 F.2d 64 (9th Cir. 1989) (unpublished table decision); *Toussaint v. Attorney Gen. of the United States*, 455 F.3d 409, 417–18 (3d Cir. 2006); *Elien v. Ashcroft*, 364 F.3d 392, 397 (1st Cir. 2004); *Bastanipour v. INS*, 980 F.2d 1129, 1132 (7th Cir. 1992). We therefore find no error in the BIA's denial of Otah's withholding-of-removal claim.

5. Otah claims that he is entitled to CAT relief because, if he were removed to Nigeria, he would be imprisoned for having been convicted of a drug crime in

---

[2] The documents of conviction also establish that Otah was convicted of violating Cal. Veh. Code § 10851(a) as a principal. *See Duenas–Alvarez*, 733 F.3d at 814–15.

the United States, and that he would consequently be denied necessary medical treatment for diabetes and a kidney condition. The IJ found Otah's fear of torture speculative, and the BIA summarily affirmed the IJ's decision. The evidence in the record does not compel the conclusion that it is more likely than not that Otah would be tortured by or with the acquiescence of Nigerian officials if he were removed to Nigeria. *See Shrestha v. Holder*, 590 F.3d 1034, 1048–49 (9th Cir. 2010); *see also, e.g.*, *In re J-F-F-*, 23 I. & N. Dec. 912, 917–22 (A.G. 2006); *In re M-B-A-*, 23 I. & N. Dec. 474, 479–80 (BIA 2002). *Eneh v. Holder*, 601 F.3d 943, 946–49 (9th Cir. 2010), and *Bosede v. Mukasey*, 512 F.3d 946, 951–52 (7th Cir. 2008), are distinguishable. In those cases, the IJ and the BIA did not fully consider the evidence presented, and the evidence showed that Nigerian officials intentionally mistreated prisoners with HIV. Otah does not suggest that the IJ or the BIA failed fully to consider the evidence that he proffered, and he proffered no evidence suggesting that Nigerian officials single out prisoners with diabetes or kidney problems for mistreatment.

6. Although Otah petitions for review of the BIA's order denying his motion for reconsideration, he has presented no argument suggesting that the BIA erred in denying that motion. We deem the issue waived. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

**PETITIONS FOR REVIEW DENIED.**[3]

---

[3] Otah filed a motion to proceed pro se, which was docketed after we filed an order granting his prior counsel's motion to withdraw, removing Otah from the Court's pro bono representation program, and allowing Otah to proceed pro se. To the extent it is necessary to do so, we **GRANT** Otah's motion to proceed pro se. All other outstanding motions are **DENIED**.