THOMAS, Chief Judge,
concurring:
I take the somewhat unusual step of writing a separate concurrence to address the issue the panel did not need to resolve, namely whether the Supreme Court’s recent analysis in Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016) requires us to overrule Duenas-Alvarez v. Holder, 733 F.3d 812 (9th Cir. 2013). I conclude that it does. However, three judge panels should take care in overruling prior circuit precedent as posing an “irreconcilable conflict” with intervening precedent pursuant to Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). In this case, because the defendant was entitled to relief regardless of whether Duenas-Alvarez remained good law, there was no need to reach that issue. However, because Mathis has altered the legal landscape, I believe that the question should be addressed at an appropriate time.
In Mathis, the Court emphasized “Tailor’s demand for certainty” in determining whether the statute of conviction qualified as a predicate offense under applicable federal law. 136 S.Ct. at 2257 (quoting Shepard v. United States, 544 U.S. 13, 21, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)). The focus of Mathis was the determination of that “certainty” in deciding whether the statute of conviction was divisible at stage two of the analysis we described in Lopez-Valencia v. Lynch, 798 F.3d 863, 867-68 (9th Cir. 2015) (en banc).
In Mathis, the Court analyzed a law that did not categorically qualify as a predicate crime. It thus proceeded to examine whether the statute was divisible because it listed multiple elements disjunctively, or indivisible because it enumerated various factual means of committing a single element of the crime. 136 S.Ct. at 2249. Thus, the “first task for a sentencing court faced with an alternatively phrased statute is thus to determine whether its listed items are elements or means.” Id. at 2256. To make that determination, the Court instructed that three different sources should be consulted: (1) state case law, (2) the text of the statute, and (3) certain conviction records. Id. at 2256-57.
As to state case law, the Court noted that federal courts are bound by state courts’ interpretation of state law, including any determination of a state offense’s elements. Johnson v. United States, 559 U.S. 133, 138-39, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). So, when a state supreme court has held that a statute lists “ ‘alternative method[s]’ of committing one offense ... a sentencing judge need only follow” that guidance. Mathis, 136 S.Ct. at 2256 (citing Schad v. Arizona, 501 U.S. 624, 636, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991)).
The Court also noted that “the statute on its face may resolve the issue” by assigning different punishments to different statutory alternatives. Id. Under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), those alternatives must necessarily be elements. Id. By contrast, “if a statutory list is drafted to offer ‘illustrative examples,’ then it includes only a crime’s means of commission.” Id. (citing United States v. Howard, 742 F.3d 1334, 1348 (11th Cir. 2014); United States v. Cabrera-Umanzor, 728 F.3d 347, 353 (4th Cir. 2013)).
Finally, if “state law fails to provide clear answers, federal judges have another place to look: the record of a prior conviction itself.” Mathis, 136 S.Ct. at 2256. Indeed, the Court cited Judge Kozinski’s explanation of this tool approvingly, writing *1202 that “such a ‘peek at the [record] documents’ is for ‘the sole and limited purpose of determining whether [the listed items are] elements] of the offense.” Id. at 2257 (alterations in original) (citing Rendon v. Holder, 782 F.3d 466, 473-74 (9th Cir. 2015) (Kozinski, J., dissenting from denial of reh’g en banc)). Helpful documents may include “an indictment and correlative jury instructions.” Id. And the use of “a single umbrella term” in charging documents might show that each listed alternative is only a possible means of commission whereas “referencing one alternative term to the exclusion of all others” could indicate that the statute contains a list of elements. Id. But the Court also noted that “such record materials will not in every case speak plainly, and if they do not, a sentencing judge will not be able to satisfy ‘Taylor’s demand for certainty’ when determining whether a defendant was convicted of a generic offense.” Id. (citing Shepard, 544 U.S. at 21, 125 S.Ct. 1254).
Applying the Mathis analysis to the statute in question leads to the conclusion that it is an individual statute for federal sentencing purposes.
First, California case law does not establish that the statute is divisible under the Mathis analysis. There is no example of a California case that defines a separate set of elements under section 10851 for those convicted as a principal under the statute and those convicted as an accessory after the fact. See People v. Barrick, 33 Cal.3d 115, 187 Cal.Rptr. 716, 654 P.2d 1243, 1255 (1982) (in bank) (defining the elements of section 10851); People v. Moon, 37 Cal.4th 1, 32 Cal.Rptr.3d 894, 117 P.3d 591, 607 (2005) (“[Section 10851] requires a driving or taking with the specific intent to deprive the owner permanently or temporarily of title or possession of the automobile.”) (quoting Barrick, 187 Cal.Rptr. 716, 654 P.2d at 1255); People v. James, 157 Cal.App.3d 381, 203 Cal.Rptr. 716, 719 (1984); People v. Green, 34 Cal.App.4th 165, 40 Cal.Rptr .2d 239, 247 (1995). A conviction for being an accessory after the fact does not trigger the eight-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(C). Vidal, 504 F.3d at 1090. The fact that this Court noted in Vidal that a defendant only “could have been convicted as an accessory after the fact instead of as, not in addition to, a principal,” 504 F.3d at 1087 n.26 (emphases in original), does not change the fact that a jury need not agree that a defendant was either the accessory or the principal. It is only true that any single juror must conclude beyond a reasonable doubt that the defendant was either an accessory after the fact or a principal and not both or either. Vidal relied on one case, People v. Slayden, 73 Cal.App.2d 345, 166 P.2d 304 (1946), to conclude that prosecution as an accessory was proper “with an appropriately modified jury instruction.” 504 F.3d at 1084 n.20. But this case from 1946 appears to be an anomaly — the parties cited no other.[1] More recent cases suggest no separate accomplice jury instruction is required. See, e.g., People v. Queen, 2002 WL 1360673, at *4 (Cal. Ct. App. June 24, 2002) (“[T]he trial court properly instructed the jury that a finding that Queen was a passenger and not in the garage at the time of the taking would not foreclose a conviction, provided the jury found all of *1203 the elements of the crime were met, that is, that Queen participated in taking or driving with the specific intent at the time the car was taken to deprive the owner of his vehicle either temporarily or permanently. This response was a proper statement of law.”) (emphases in original); People v. Venegas, 2012 WL 734094, at *11 (Cal. Ct. App. Mar. 6, 2012). Therefore, state law does not compel the conclusion that the statute is divisible.
Second, the statute itself is not a clearly elemental statute, as described in Mathis. It criminalizes:
[a]ny person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle, or any person who is a party or an accessory to or an accomplice in the driving or unauthorized taking or stealing!)]
The statute does not attach particular punishments to potentially distinct crimes, nor does it list elements and explicitly suggest that they attach to one alternative over another. Thus, under Mathis, we cannot conclude that the statute is divisible from the plain language of the statute alone.
The final analytic step is the Kozinski “peek” at the records of conviction. As the Opinion suggests, Arriaga’s records of conviction do not plainly speak to the elements of his crime of conviction. Nor do the records of conviction of other similarly-situated defendants.
Thus, when we apply the analytical framework set forth in Mathis, we cannot conclude, with the certainty that Taylor demands that California Vehicle Code section 10851(a) is divisible. Therefore, for the purposes of federal law, we must treat it as an indivisible statute under Mathis.
Of course, I recognize that our Circuit has reached a contrary conclusion in cases decided prior to Mathis, as noted by the majority opinion. We analyzed the statute at issue in this case in both United States v. Vidal, 504 F.3d 1072 (9th Cir. 2007) (en banc) and in Duenas-Alvarez v. Holder, 733 F.3d 812 (9th Cir. 2013). The Vidal Court never explicitly addressed divisibility, holding instead that under the modified categorical approach, the records of conviction did not show with certainty whether the defendant was convicted as a principal or an accessory after the fact under section 10851(a), thus precluding the extension of liability for the generic federal offense. 504 F.3d at 1090.
Duenas-Alvarez v. Holder, 733 F.3d 812 (9th Cir. 2013) did discuss section 10851(a)’s divisibility, but only insofar as it concluded that the statute “is divisible in that it imposes criminal liability in the alternative on principals as well as on accessories after the fact.” Id. at 814. This determination rested almost entirely on the fact that section 10851(a) is phrased in the disjunctive — which can mean that a statute refers to separate crimes with separate elements. However, as Mathis made clear, the inquiry does not end at noticing that a statute is phrased in the disjunctive. See Mathis, 136 S.Ct. at 2253 (“[A] statute’s listing of disjunctive means does nothing to mitigate the possible unfairness of basing an increased penalty on something not legally necessary to a prior conviction.”).
I do not suggest these conclusions were incorrect based on the law applicable at the time. But Mathis has altered the legal landscape. In applying Mathis to this statute, I conclude that we must consider it indivisible for federal sentencing purposes. Therefore, although I concur fully in the majority analysis, I believe Mathis requires us, at the appropriate time, to re *1204 examine our jurisprudence as to the divisibility of section 10851(a).

. The State cites People v. Umanzor, 2009 WL 604921 (Cal. Ct. App. 2009) (unpublished), asserting that the charges in this case demonstrate that section 10851(a) must be divisible as to principal and accessory after the fact liability. But a single, unpublished case from the California Court of Appeals — which provides an account of the statute in question that conflicts with other unpublished cases— "fails to provide clear answers.” See Mathis, 136 S.Ct. at 2256. In short, state case law does not definitively answer whether section 10851(a) is divisible at this time.