**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MANUEL PEREZ MORALES, | No. 15-71697 |
| Petitioner, | Agency No. A047-345-446 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2018[**]
San Francisco, California

Before: THOMAS, Chief Judge, GRABER, Circuit Judge, and LASNIK,[***]
District Judge.

Petitioner Jose Manuel Perez Morales is a native and citizen of Mexico. He

was admitted to the United States as a lawful permanent resident but, thereafter,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

pleaded guilty to (1) encouraging or inducing an alien to come to, enter, or reside in the United States, and (2) aiding or abetting, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and (v)(II). The Board of Immigration Appeals ruled that Petitioner is removable, as charged, under 8 U.S.C. § 1227(a)(2)(A)(iii), because he stands convicted of an aggravated felony. We dismiss the petition seeking review of that decision.

We lack jurisdiction over a petition for review from a final order of removal against a non-citizen who is removable for having committed an aggravated felony. 8 U.S.C. § 1252(a)(2)(C). But we have jurisdiction to examine our jurisdiction, including the question, which we review de novo, whether a particular offense is an aggravated felony that strips us of jurisdiction. Murillo-Prado v. Holder, 735 F.3d 1152, 1155–56 (9th Cir. 2013).

The relevant statute categorically labels Petitioner's crimes of conviction aggravated felonies:

> The term "aggravated felony" means–
>
> . . . .
>
> (N) an offense described in paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling) . . . .

8 U.S.C. § 1101(a)(43)(N). That subsection also provides an exception that is not relevant here. Petitioner's argument that the descriptive parenthetical phrase renders the definition overbroad is unavailing. Congress clearly expressed that, with one inapplicable exception, all offenses defined in 8 U.S.C. § 1324(a)(1)(A)—which includes both of Petitioner's convictions—are aggravated felonies. Indeed, we rejected Petitioner's arguments expressly in Castro-Espinosa v. Ashcroft, 257 F.3d 1130, 1131–32 (9th Cir. 2001) (order) (internal quotation marks omitted): "[U]nder a straightforward reading of section 1101(a)(43)(N), the parenthetical merely describes and does not limit" the specified predicate offenses that are "included in section 1324(a)(1)(A)." See also United States v. Guzman-Mata, 579 F.3d 1065, 1068 (9th Cir. 2009) ("We hold that a conviction under 8 U.S.C. § 1324(a)(1) is categorically an "alien smuggling offense" under U.S.S.G. § 2L1.2(b)(1)(A).") .

**Petition DISMISSED.**