**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

OCT 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TULIO KARTIK CARDOZO-ARIAS, | No. 08-74870 |
| Petitioner, | Agency No. A078-079-767 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 2, 2011
San Francisco, California
Submission Withdrawn December 1, 2011
Resubmitted October 16, 2012

Before: FISHER and RAWLINSON, Circuit Judges, and MILLS, Senior District
Judge.**

Tulio Kartik Cardozo-Arias (Cardozo) petitions for review of the Board of

Immigration Appeals' (BIA) affirmance of a decision by an Immigration Judge (IJ)

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Richard Mills, Senior District Judge for the U.S.
District Court for Central Illinois, sitting by designation.

finding Cardozo removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). The BIA held that Cardozo's conviction for manufacturing controlled substances under California law qualifies as a drug trafficking crime, which constitutes an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43)(B). Cardozo challenges the BIA's determination that his conviction qualifies as an aggravated felony under the modified categorical approach and contends that there is insufficient proof in the record to support such a finding.

The BIA concluded that "[Cardozo]'s abstract of judgment and information, taken together, establish that he was convicted in California of knowingly manufacturing concentrated cannabis, a substance that qualifies as marihuana under Federal law. That offense corresponds to the manufacture of marihuana under 21 U.S.C. § 841(a)(1) . . . Thus, [Cardozo]'s California offense is a drug trafficking crime under 18 U.S.C. § 924(c) and, by extension, an aggravated felony under section 101(a)(43)(B) of the Act." Citing *United States v. Snellenberger*, 548 F.3d 699, 702 (9th Cir. 2008) (en banc) (per curiam), the BIA rejected Cardozo's argument that the IJ erred in relying on the Abstract of Judgment.

At the time of Cardozo's conviction, Cal. Health & Safety Code § 11379.6(a) provided that "every person who manufactures, compounds, converts, produces, derives, processes, or prepares, either directly or indirectly by chemical

2

extraction or independently by means of chemical synthesis, any controlled substance . . . shall be punished by imprisonment in the state prison for three, five, or seven years and by a fine not exceeding fifty thousand dollars ($50,000)." Although not explicitly contained in the statute, California courts have construed Cal. Health & Safety Code, § 11379.6(a) as incorporating a knowledge requirement. *See People v. Coria*, 985 P.2d 970, 971 (Cal. 1999) ("[A]lthough [a] defendant may be convicted of the crime without proof that he intended to violate the law, his knowledge of the character of the substance being manufactured is a prerequisite to a conviction under that provision. . . .").

The generic federal drug statute, 21 U.S.C. § 841(a)(1), provides that it is "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . ." 21 U.S.C. § 841(a)(1). The Abstract of Judgment and Information demonstrate that Cardozo was convicted of manufacturing controlled substances, in violation of Cal. Safety & Health Code § 11379.6(a) and that he "manufacture[d], process[ed], or prepare[d] . . . concentrated cannabis. . ." *See Cabantac v. Holder*, No. 09-71336, –F.3d– 2012 WL 3608532, at *2 (9th Cir. Aug. 23, 2012) (per curiam) ("We hold that where, as here, the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular

3

count of the criminal complaint or indictment, we can consider the facts alleged in that count. . . .").

In turn, a conviction under § 11379.6(a) requires proof of knowledge of the character of the controlled substance manufactured. *See Coria*, 985 P.2d at 971. "'Concentrated cannabis' means the separated resin, whether crude or purified, obtained from marijuana." *People v. Bergen*, 166 Cal. App. 4th 161, 168 (2008) (citation and internal quotation marks omitted). The federal definition of marijuana includes the resin extracted from the Cannabis plant. *See* 21 U.S.C. § 802(16). Therefore, the documents in the administrative record establish, under the modified categorical approach, that Cardozo's conviction corresponds to the generic definition of manufacturing controlled substances, and thus qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B).[1]

**PETITION DENIED.**

---

[1]Cardozo's reliance on *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1079 (9th Cir. 2007), *United States v. Vidal*, 504 F.3d 1072 (9th Cir. 2007) (en banc), and *Li v. Ashcroft*, 389 F.3d 892 (9th Cir. 2004), is unavailing, as those cases were decided prior to our recent jurisprudence approving reliance on Abstracts of Judgment.