Concurrence by Chief Judge THOMAS
OPINION
THOMAS, Chief Judge:
Guillermo Arriaga-Pinon (“Arriaga”) appeals an eighteen-month sentence imposed after he pleaded no’ contest to unlawful reentry following removal in violation of 8 U.S.C. §§ 1326(a) and (b). Arriaga contends that, in light of the United States Supreme Court’s decision in Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the district court erred when it applied the modified categorical approach to determine that his 2014 conviction under California Vehicle Code section 10851(a) constituted an aggravated felony. In the alternative, Arria-ga argues that even if section 10851(a) is divisible, and the modified categorical approach applied, the record of conviction does not demonstrate that he was convicted of an aggravated felony theft offense. We agree with Arriaga’s alternative argument. We therefore vacate Arriaga’s sentence and remand for resentencing.
I
After waiving indictment, Arriaga was charged with unlawful reentry into the United States in violation of 8 U.S.C. §§ 1326(a)[1] and (b).[2] According to the information, he was found in California in January 2016 despite having been “excluded, deported and removed from the United States to Mexico” in December 2015. Arri-aga pleaded guilty and was sentenced to eighteen months in prison and two years of supervised release.
*1198 Arriaga had previously been convicted of violating California Vehicle Code section 10851(a) in January 2014. Count One of the relevant complaint alleged:
On or about January 17, 2014, [Arriaga] ... did unlawfully drive and take a certain vehicle, to wit, 1985 Nissan ... then and there the personal property of DANIEL BAUTISTA, ABRAHAM LOPEZ without the consent of and with intent, either permanently or temporarily, to deprive the said owner of title to and possession of said vehicle.
In the plea colloquy, Arriaga pled no contest to what the court described as “unlawful driving or taking of a vehicle in violation of Vehicle Code Section 10851(a).”
The presentencing report acknowledges a discrepancy as to the count of conviction in the court documents in that the judgment notes Arriaga was convicted of receiving ¡stolen property under Count 3 as well as of stealing a vehicle under Count 1. Nevertheless, the presentencing report concludes — and the parties appear to agree — that Arriaga only pleaded nolo con-tendere to Count 1 of the felony complaint, which states that Arriaga did “unlawfully drive and take a certain vehicle, to wit, 1985 Nissan [personal property of owner] ... without the consent of and with intent, either permanently or temporarily, to deprive the said owner of title to and possession of said vehicle.” A minute order dated January 22, 2014, also recorded that Arria-ga pleaded nolo contendere to Count 1, a violation of section 10851(a). The plea transcript reflects the same, indicating that Arriaga pled nolo contendere on Count 1 alongside a co-defendant who pled nolo contendere on Count 3.
At sentencing, the United States argued that, pursuant to United States Sentencing Guidelines (“Guidelines” or “U.S.S.G.”) § 2L1.2(b)(1)(C), Arriaga should be subject to an eight-level sentencing enhancement on the basis of this conviction. Specifically, the government explained that although section 10851 is not a categorical match for an aggravated felony theft offense under 8 U.S.C. § 1101(a)(43)(G), the state statute is divisible and the modified categorical approach would reveal a match. The district court agreed and applied the enhancement, ultimately sentencing Arriaga to eighteen months in prison — the lowest in the range — after having taken into account some mitigating factors.
Arriaga timely appealed his sentence, arguing that Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), made the modified categorical approach inapplicable to section 10851(a) because the statute is indivisible under Mathis and therefore it cannot qualify as a generic theft offense. In the alternative, Arriaga argued that even if section 10851(a) remains divisible under the new Mathis framework, his own conviction documents do not unambiguously show that he was convicted of an aggravated felony theft offense.
Whether a specific “conviction constitutes an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C) is a question of law that [this Court] review[s] de novo.” United States v. Vidal, 504 F.3d 1072, 1075 (9th Cir. 2007) (en banc).
II
Our examination to determine whether a conviction constitutes an aggravated felony under the Guidelines is governed by the analysis articulated by the Supreme Court in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), as recently modified by Descamps v. United States, — U.S. —, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013) and Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). Under that analysis, we inquire first *1199 “whether the elements of the crime of conviction sufficiently match the elements of [the generic federal crime].” Mathis, 136 S.Ct. at 2248. If the statute is over-broad and thus not a categorical match, we next ask whether the statute’s elements are also an indivisible set. See id. at 2248-49. Finally, if the statute is divisible, then the modified categorical approach applies and “a sentencing court looks to a limited class of documents ... to determine what crime, with what elements, a defendant was convicted of.” Id. at 2249; see also Almanza-Arenas v. Lynch, 798 F.3d 863, 867-68 (9th Cir. 2015) (en banc).
Our first task, then, is to examine the statute of conviction to determine whether it categorically qualifies as a predicate offense for federal sentencing purposes. In doing so, we focus solely on whether the elements of the statute of conviction match the elements of the identified qualifying federal offense. Taylor, 495 U.S. at 600-01, 110 S.Ct. 2143. If they do, the conviction may be used to enhance the sentence without looking further. However, if the state statute criminalizes conduct that would not qualify as a federal predicate offense, then the offense does not categorically qualify as a proper predicate offense. United States v. Corona-Sanchez, 291 F.3d 1201, 1203 (9th Cir. 2002) (en banc), superseded on other grounds by U.S.S.G. § 2L1.2 emt. n. 2 (2002). In this case, our task is easy, because we have already held that a conviction under section 10851(a) does not satisfy the elements of the generic theft offense, as required in order to apply the categorical approach. Vidal, 504 F.3d at 1074. Section 10851(a) does not match the elements of the generic theft offense because it applies not only to the principals and accomplices, but also to accessories after the fact. See id. at 1074-75.
Thus, we turn to the second analytical step, namely, whether section 10851(a) contains a single, indivisible set of elements. At first blush, that examination would appear easy, because we have previously held that “California Vehicle Code section 10851(a) is divisible in that it imposes criminal liability in the alternative on principals as well as on accessories after the fact.” Duenas-Alvarez v. Holder, 733 F.3d 812, 814 (9th Cir. 2013). That would seem to end the matter. However, Arriaga argues that Mathis compels the conclusion that the statute is actually indivisible. Thus, he contends that Duenas-Alvarez must be overruled.
Three-judge panels are not free to overrule prior circuit precedent unless intervening Supreme Court or en banc authority “undercuts] the theory or reasoning underlying the prior circuit precedent in a way that the cases are clearly irreconcilable.” Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). As discussed in the concurrence, there are serious questions as to whether Duenas-Alvarez is clearly irreconcilable with Mathis. However, we need not reach that question in this case because, even assuming Duenas-Alva-rez remains good law, the conviction fails to satisfy the modified categorical test at stage three, and therefore is not a qualifying predicate offense.
At stage three of the examination, we employ the modified categorical analysis. “The modified categorical approach allows courts to look beyond the statutory text to a limited set of documents to determine the elements of the state offense of which the defendant was convicted when some alternative elements of the state crime would match the federal, generic crime, and other alternative elements would not.” Rendon v. Holder, 764 F.3d 1077, 1083 (9th Cir. 2014). The modified categorical approach “merely helps implement the categorical approach when a defendant was convicted of violating a *1200 divisible statute.” Descamps v. United States, — U.S. —, 133 S.Ct. 2276, 2285, 186 L.Ed.2d 438 (2013). Thus, the modified approach “retains the categorical approach’s central feature: a focus on the elements, rather than the facts, of a crime.” Id.
Under the modified categorical analysis, “[a] prior conviction based on an overly inclusive criminal statute that resulted from a guilty plea rather than a jury verdict will support a sentence enhancement only if the record confirms that the plea ‘necessarily’ rested on the fact identifying the [offense] as generic.” United States v. Vidal, 504 F.3d 1072, 1086 (1997) (en banc) (quoting Shepard v. United States, 544 U.S. 13, 21, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)). In making this determination,’ our review is “limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.” Shepard, 544 U.S. at 16, 125 S.Ct. 1254. We may not “look beyond the record of conviction itself to the particular facts underlying the conviction.” Fenandez-Ruiz v. Gonzales, 468 F.3d 1159, 1164 (9th Cir. 2006) (internal quotation marks omitted) (quoting Tokatly v. Ashcroft, 371 F.3d 613, 620 (9th Cir. 2004)).
In this case, we confront a record of conviction almost identical to the one we considered in Vidal. In that case, we concluded that the judicially noticable documents did not satisfy the requirements of the modified categorical approach because the record of conviction did not establish that he was actually convicted of a qualifying aggravated felony theft offense. The felony complaint in Arriaga’s case describes him as “unlawfully driving] and tak[ing] a certain vehicle,” which is precisely the same as the complaint in Vidal, see 504 F.3d at 1075. In Vidal’s, case, as in Arriaga’s, “the written plea and waiver of rights form shows that [the defendant] pled guilty only to driving a stolen vehicle” and that “[n]o recitation of the factual basis for [his] plea appears on this form.” Id. In both cases, the defendants entered a nolo contendere plea. Both pleas were given as to the statute, not the charging document. Thus, neither defendant admitted “the specific details about his conduct on the counts to which he pled guilty.” Id. at 1089 (quoting Carty v. Nelson, 426 F.3d 1064, 1068 (9th Cir. 2005)). Further, in Arriaga’s plea colloquy, the court asked how Arriaga would plead to “Count 1 with unlawful driving or taking of a vehicle in violation of Vehicle Code Section 10851(a).” The record is ambiguous whether Arriaga was pleading nolo contendere to the “or” stated in the plea colloquy or to the “and” in the felony complaint. Thus, from the judicially noticable documents we may examine under the modified categorical approach, the record does not establish as to whether he was convicted as a principal or as an accessory after the fact. Therefore, the conviction does not qualify under the modified categorical approach.
The government contends that Duenas-Alvarez suggests a different conclusion. However, Duenas-Alvarez involved markedly different facts. The defendant was charged with the crime of taking a vehicle without the owner’s consent and that he “did willfully and unlawfully drive or take” the vehicle. 733 F.3d at 815. The abstract of judgment showed that the defendant pleaded guilty to “auto theft.” Id. In short, the conviction documents in Duenas-Alva-rez differ significantly from the documents at issue here and in Vidal. Vidal compels our conclusion that the judicially noticable documents are not sufficient to show that Arriaga was convicted of an aggravated felony within the meaning of the Guidelines.
*1201 Accordingly, the district court erred in applying a sentencing enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C). We therefore reverse and remand for resentencing.
REVERSED AND REMANDED.

. 8 U.S.C. § 1326(a) provides that "Subject to subsection (b) of this section, any alien who— (1) has been ... deported, or removed ... and thereafter (2) enters, attempts to enter, or is at any time found in, the United States, unless [he hasn't left or has permission to reenter], shall be fined under Title 18, or •imprisoned not more than 2 years, or both.” 8 U.S.C. § 1326(a).

. 8 U.S.C. § 1326(b) provides criminal penalties for reentry of certain removed aliens. Specifically, where "removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both.” 8 U.S.C. § 1326(b)(2).