FILED

AUG 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JESUS ALAN FLORES, | No. 17-73461 |
| Petitioner, | Agency No. A096-923-560 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 14, 2019
Pasadena, California

Before: SCHROEDER and GRABER, Circuit Judges, and M. WATSON,**
District Judge.

Jesus Alan Flores, a native and citizen of Mexico, petitions for review of his

order of removal. He contends that his conviction under California Vehicle Code

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael H. Watson, United States District Judge for
the Southern District of Ohio, sitting by designation.

section 10851(a) does not qualify as an aggravated theft offense supporting his removal.

The California statute, commonly referred to as a "joyriding statute," punishes the "Unlawful Taking or Driving of a Vehicle." Cal. Veh. Code § 10851(a). We have held that this statute is not a categorical match for an aggravated felony theft offense under 8 U.S.C. § 1101(a)(43)(G) because Section 10851(a) criminalizes accessories after the fact, not just principal actors. *See United States v. Vidal*, 504 F.3d 1072, 1086 (9th Cir. 2007) (en banc), *abrogated on other grounds as recognized in Cardozo-Arias v. Holder*, 495 F. App'x 790, 792 n.1 (9th Cir. 2012).

Petitioner contends that the statute is also overbroad in that it criminalizes trivial offenses, like short joyrides, that should not qualify as "theft" offenses. We have previously rejected similar arguments, ruling that even temporary takings or "joyrides" under this statute meet the generic definition of a theft offense. *See Duenas-Alvarez v. Holder*, 733 F.3d 812, 815 (9th Cir. 2013); *Vidal*, 504 F.3d at 1098 (9th Cir. 2007) ("[E]ven temporary deprivations of the rights and benefits of ownership are categorically theft offenses."). Thus, Section 10851(a) is overbroad as compared to the generic definition of a theft offense in only one respect: Its criminalization of accessories after the fact.

Because we have held that the statute is divisible in its treatment of accessories after the fact, *see Duenas-Alvarez*, 733 F.3d at 815, Petitioner asks us to look to the record of conviction under a modified categorical analysis to determine whether he was convicted of the generically defined crime, i.e., as a principal actor. Relying on *United States v. Arriaga-Pinon*, 852 F.3d 1195 (9th Cir. 2017), Petitioner contends that the record of conviction is ambiguous on this point. In *Arriaga-Pinon*, because the defendant had pled to driving "or" taking the vehicle at issue and had not admitted any details about the conduct to which he pled, we could not discern whether he had been convicted as a principal or accessory. *Id.* at 1200.

Here, however, there is no such ambiguity. The factual basis for Petitioner's plea states that he drove the car without the owner's permission with the intent to deprive the owner of the right to possess that car. Petitioner therefore pled to the conduct of a principal actor, not an accessory after the fact. Because Petitioner was unequivocally convicted of the generically defined crime, his conviction provides a proper basis for his removal.

**Petition DENIED.**