
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALEX ANTON KNIGHT, AKA Alex
Knight,

               Petitioner,

v.

WILLIAM P. BARR, Attorney General,

               Respondent.

No.    16-73797

Agency No. A077-303-412

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 14, 2019
Pasadena, California

Before:  SCHROEDER and GRABER, Circuit Judges, and M. WATSON,[**]
District Judge.

    Alex Anton Knight, a native and citizen of Belize, petitions for review of his

order of removal.  He contends that his conviction under California Vehicle Code

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]      The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

section 10851(a), Unlawful Taking or Driving of a Vehicle, does not qualify as an aggravated theft offense supporting his removal.

We have held that Section 10851(a) is not a categorical match for an aggravated felony theft offense under 8 U.S.C. § 1101(a)(43)(G) because Section 10851(a) criminalizes accessories after the fact, not just principal actors. *See United States v. Vidal*, 504 F.3d 1072, 1086 (9th Cir. 2007) (en banc), *abrogated on other grounds as recognized in Cardozo-Arias v. Holder*, 495 F. App'x 790, 792 n.1 (9th Cir. 2012). We have also held that the statute is divisible in its treatment of accessories after the fact. *See Duenas-Alvarez v. Holder*, 733 F.3d 812, 815 (9th Cir. 2013). Petitioner asks us to look to the record of conviction under a modified categorical analysis to determine whether the record unequivocally shows that he was convicted as a principal actor.

In arguing that the record is ambiguous on this point, Petitioner relies on our decision in *United States v. Arriaga-Pinon*, 852 F.3d 1195 (9th Cir. 2017). There, because the defendant had pled to driving *or* taking the car and there was no factual basis for the plea, we held that there was uncertainty in the record as to whether he was convicted as a principal or an accessory. *Id.* at 1200. Here, however, there is no doubt that Petitioner was convicted as a principal. Petitioner pled to an unambiguous charge that he took *and* drove the vehicle at issue without

2

the owner's consent, and Petitioner provided a factual basis for his plea.  Because his record of conviction shows unambiguously that he was convicted of the generically defined crime of aggravated theft, petitioner's conviction provides a proper basis for his removal.

**Petition DENIED.**