**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30127 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00146-JCC-1 |
| v. | |
| JEREMY JAMES CHERRY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted October 26, 2020[**]

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Jeremy James Cherry appeals from the district court's judgment and

challenges the 120-month sentence imposed following his guilty-plea conviction

for possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4).  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cherry contends that, because his prior Washington state conviction for first-degree rape of a child did not require proof of intent, it does not constitute a state conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," and the district court should not have applied the 10-year mandatory minimum under 18 U.S.C. § 2252(b)(2). As Cherry concedes, this claim is foreclosed by *United States v. Sullivan*, 797 F.3d 623, 640 (9th Cir. 2015) (prior state offenses were offenses "relating to" sexual abuse of a minor under § 2252(b)(2) even though they lacked the mens rea requirement of the generic federal offense). Because Cherry has not shown that *Sullivan* is "clearly irreconcilable" with intervening higher authority, *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc), we are bound to follow *Sullivan*. *See United States v. Arriaga-Pinon*, 852 F.3d 1195, 1199 (9th Cir. 2017).

In light of this disposition, we need not reach the government's arguments that Cherry's prior conviction is a categorical match for the generic federal offense of abusive sexual conduct even without reliance on the "relating to" provision of § 2252(b)(2), or that any error in the district court's application of the mandatory minimum was harmless.

**AFFIRMED.**