**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

SIMHA FURAHA,
*Defendant-Appellant.*

</td>
<td>

No. 20-10063

D.C. No.
4:19-cr-00438-JST-1

OPINION

</td>
</tr>
</table>

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted January 14, 2021
San Francisco, California

Filed March 25, 2021

Before: J. CLIFFORD WALLACE and MILAN D.
SMITH, JR., Circuit Judges, and ROBERT S. LASNIK,[*]
District Judge.

Opinion by Judge Milan D. Smith, Jr.

---

[*] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

## SUMMARY[**]

### Criminal Law

In a case in which the defendant pleaded guilty to possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1), the panel affirmed the district court's application of a sentence enhancement pursuant to U.S.S.G. § 2K2.1(a)(4)(A) on the ground that the defendant's prior conviction for possessing a firearm in furtherance of a "drug trafficking crime" under 18 U.S.C. § 924(c) constituted a "controlled substance offense" under U.S.S.G. § 4B1.2.

Applying the categorical approach, the panel noted that the parties agreed that § 924(c)'s definition of "drug trafficking crime," which encompasses simple possession, is broader than § 4B1.2's definition of "controlled substance offense," which does not.

Because the statute's definition of "drug trafficking crime" is not a categorical match to the Sentencing Guidelines definition of "controlled substance offense," the panel examined whether the statute is divisible, and concluded that it is. The panel observed that the predicate offense is an element of the § 924(c) crime—the jury must unanimously agree that the defendant committed the predicate drug trafficking offense (or crime of violence) to convict the defendant, and the prosecution must prove the defendant committed a specific drug trafficking crime, not just *any* drug trafficking crime.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Applying the modified categorical approach, the panel observed that the defendant's plea agreement in the prior case demonstrated that in addition to his conviction pursuant to § 924(c), the defendant pleaded guilty to two drug trafficking crimes, either of which could serve as the predicate for his § 924(c) conviction, as they both constitute "controlled substance offenses" within the meaning of § 4B1.2(b).

The panel therefore affirmed the district court's application of the enhancement pursuant to § 2K2.1(a)(4)(A).

---

## COUNSEL

Jerome E. Matthews (argued) and Lisa Ma, Assistant Federal Public Defenders; Steven G. Kalar, Federal Public Defender; Office of the Federal Public Defender, Oakland, California; for Defendant-Appellant.

Nikhil Bhagat (argued), Assistant United States Attorney; Merry Jean Chan, Chief, Appellate Section, Criminal Division; David L. Anderson, United States Attorney; United States Attorney's Office, San Francisco, California; for Plaintiff-Appellee.

---

## OPINION

M. SMITH, Circuit Judge:

This case requires us to determine whether possessing a firearm in furtherance of a "drug trafficking crime," as defined by 18 U.S.C. § 924(c), constitutes a "controlled

substance offense," as defined by United States Sentencing Guidelines § 4B1.2(b). Appellant Simha Furaha challenges the district court's application of U.S.S.G. § 2K2.1(a)(4)(A) to his sentence, arguing that under the categorical approach, § 924(c) is overbroad and not divisible. We disagree, and affirm the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 22, 2009, Furaha was charged with (1) possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) (Count One); (2) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Two); (3) possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Three); and (4) possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four). Furaha pleaded guilty to Count Three—violation of 18 U.S.C. § 924(c).

In pleading guilty, Furaha admitted that one of the elements of the offense to which he was pleading guilty was "possession with intent to distribute a controlled substance as charged in counts one and two of the indictment." He also admitted that he possessed a firearm "to protect [him]self from being robbed or attacked by rival drug dealers and to protect [his] drugs and money from any potential robbers." In 2010, Furaha was sentenced to the mandatory minimum of 60 months' imprisonment.

In 2019, Furaha was charged with possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). In February of 2020, Furaha pleaded guilty to the indictment.

Under the Sentencing Guidelines, a person convicted pursuant to § 922(g)(1) starts with a base offense level of 14,

but that level increases to 20 if the defendant has a prior conviction for a "controlled substance offense." U.S.S.G. §§ 2K2.1(a)(6), (a)(4). In Furaha's case, the probation officer calculated Furaha's base offense level as 20, concluding that Furaha's previous 18 U.S.C. § 924(c) conviction constituted a "controlled substance offense." Furaha objected, arguing that § 924(c)'s definition of "drug trafficking crime" is broader than the Guidelines' definition of "controlled substance offense."

The district court overruled Furaha's objection. The court explained that "the commentary for [U.S.S.G. § 4B1.2] advises that a conviction for [§] 924(c) can constitute a crime of violence or controlled substance offense if the offense of conviction establishes the underlying offense was a crime of violence or controlled substance offense." Given Furaha's records of conviction, and specifically his plea agreement, the court was convinced Furaha's prior conviction pursuant to § 924(c) was a controlled substance offense. The court also cited the Ninth Circuit's model jury instructions and § 924(c) itself to conclude that the statute is divisible. As such, the court applied the modified categorical approach. This led the court to the same conclusion: "the underlying [§] 924(c) conviction was a controlled substance offense."[1]

---

[1] The sentencing hearing transcript indicates that the district court held that § 924(c) was divisible between "crime of violence" and "drug trafficking crime." The district court did not decide whether the statute's "drug trafficking crime" was divisible. Furaha's attorney asked the court "to clarify" whether the court's "analysis [is] that because crime of violence and drug-trafficking crime are alternative crimes, then" the statute is "divisible and the court goes to the modified categorical approach." The court did not answer the question. The attorney then stated, "[I]t's the defense position that . . . the court should be focusing

The § 2K2.1(a)(4) enhancement increased Furaha's Guidelines' range to 37 to 46 months. The district court sentenced him to 37 months' imprisonment. Furaha timely appealed.

On appeal, Furaha argues that possessing a firearm in furtherance of a "drug trafficking crime" pursuant to § 924(c) is not categorically a "controlled substance offense" under the Guidelines because the statute is overbroad. The statute criminalizes the use or carrying of a firearm during and in relation to, among other things, simple possession of a controlled substance, whereas the Guidelines' definition of "controlled substance offense" does not include simple possession. Therefore, Furaha argues, his case turns on whether § 924(c) is a divisible statute. Citing the text of the statute and case law, he posits that it is not. Because § 924(c) is not divisible, Furaha contends, the enhancement cannot apply to his sentence because "a conviction under an indivisible, overbroad statute can never serve as a predicate offense." *See Alamzna-Arenas v. Lynch*, 815 F.3d 469, 475 (9th Cir. 2016) (en banc) (citation omitted).

In response, the government argues that the district court did not err because Application Note 1 to U.S.S.G. § 4B1.2 dictates that Furaha's conviction pursuant to § 924(c) is a "controlled substance offense." The government further contends that even if we do not defer to the Application Note, we should still affirm the district court because § 924(c) is divisible, the modified categorical approach applies, and under that approach, Furaha's previous offense constitutes a "controlled substance offense."

---

on drug-trafficking crime specifically and making a determination whether that definition is divisible or indivisible."

**STANDARD OF REVIEW**

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3724. We review the district court's interpretation of the Sentencing Guidelines de novo. *United States v. Tankersley*, 537 F.3d 1100, 1110 (9th Cir. 2008); *see also United States v. Brown*, 879 F.3d 1043, 1047 (9th Cir. 2018) (applying de novo review to determinations of "whether a prior conviction is a 'controlled substance offense'").

**ANALYSIS**

Whether a prior conviction pursuant to 18 U.S.C. § 924(c) is a "controlled substance offense" for purposes of U.S.S.G. § 2K2.1(a)(4)(A) is an issue of first impression in our circuit. The only other circuit to have answered this question held that § 924(c) is divisible, applied the modified categorical approach, and ultimately imposed the § 2K2.1(a)(4) enhancement on the defendant's sentence. *See United States v. Williams*, 926 F.3d 966 (8th Cir. 2019). We agree.

Pursuant to the Sentencing Guidelines, a "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B.2(b).

In determining whether a prior conviction meets this definition, we apply "the categorical approach announced by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 110 S. Ct. 2143, 109 L.Ed.2d 607 (1990), and its progeny."

*United States v. Ochoa*, 861 F.3d 1010, 1015 (9th Cir. 2017). The categorical approach involves three steps:

> [W]e inquire first "whether the elements of the crime of conviction sufficiently match the elements of the [generic federal crime]." If the statute is overbroad and thus not a categorical match, we next ask whether the statute's elements are also an indivisible set. Finally, if the statute is divisible, then the modified categorical approach applies and "a sentencing court looks to a limited class of documents . . . to determine what crime, with what elements, a defendant was convicted of."

*United States v. Arriaga-Pinon*, 852 F.3d 1195, 1198–99 (9th Cir. 2017) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2248–49 (2016)).[2]

Here, the parties agree that the statute is overbroad. The statutory definition of a "drug trafficking crime"—"any felony punishable under the Controlled Substances Act"— encompasses more conduct than the definition of a "controlled substance offense" pursuant to § 4B1.2(b). *See* 18 U.S.C. § 924(c)(2). For example, simple possession is not a "controlled substance offense" under the Sentencing Guidelines, but it is a "drug trafficking crime" pursuant to

---

[2] Because we conclude that under the modified categorical approach, Furaha's § 924(c) conviction is a "controlled substance offense" within the meaning of § 4B1.2(b), we decline to address the parties' dispute regarding the effect of Application Note 1 to U.S.S.G. § 4B1.2 on whether the sentencing enhancement applies here.

§ 924(c).  *Id.*; U.S.S.G. § 4B1.2(b); *see also United States v. Villa-Lara*, 451 F.3d 963, 965 (9th Cir. 2006).

Because the statute's definition of "drug trafficking crime" is not a categorical match to the Sentencing Guidelines' definition of "controlled substance offense," we must determine whether the statute is divisible.  *Ochoa*, 861 F.3d at 1016.  A divisible statute "sets out one or more *elements* of the offense in the alternative," *Descamps v. United States*, 570 U.S. 254, 257 (2013) (emphasis added), whereas an indivisible statute lists "alternative *means* of committing a single crime," *Ochoa*, 861 F.3d at 1016–17.  In determining whether a statute is divisible, "[w]e begin by considering the statute's text."  *Id.* at 1017 (citing *Almanza-Arenas*, 815 F.3d at 477).  We then may "consult court decisions interpreting the statute."  *Id.* (citing *Mathis*, 136 S. Ct. at 2256).  "And if [the] law fails to provide clear answers," we may "'peek at the record documents' . . . for 'the sole and limited purpose of determining whether the listed items are elements of the offense.'"  *Mathis*, 136 S. Ct. at 2256–57 (brackets omitted) (quoting *Rendon v. Holder*, 782 F.3d 466, 473–74 (9th Cir. 2015) (opinion dissenting from denial of reh'g en banc)).

Section 924(c) provides:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years[.]

18 U.S.C. § 924(c)(1)(A)(i).  The offense, therefore, requires that the defendant commit a predicate offense, specifically a "crime of violence" or a "drug trafficking crime."   The relevant question, however, is whether the predicate offense is an element of a § 924(c) crime—in other words, whether the jury must unanimously agree that the defendant committed the predicate drug trafficking offense (or crime of violence) to convict the defendant.  *See Mathis*, 136 S. Ct. at 2248.   The statutory text does not clearly answer this question.  *See United States v. Boman*, 873 F.3d 1035, 1041 (8th Cir. 2017) ("The language of § 924(c)(1) is not particularly helpful in determining whether the statute lists alternative means or elements.").

Case law is much more helpful.  Although *Rosemund v. United States*, 572 U.S. 65, 71 (2014), concerns aiding and abetting liability under § 924(c), the Supreme Court's discussion of "this double-barreled crime" in that case is relevant in determining the statute's elements.  The Court explained that § 924(c) requires the prosecutor to "show the use or carriage of a gun" and to "prove the commission of a predicate (violent or drug trafficking) offense."  *Rosemund*, 572 U.S. at 71 (citing *Smith v. United States*, 508 U.S. 223, 228 (1993)).   There, it was undisputed that the defendant "actively participated in a drug transaction."  *Id.* at 71–72.  However, the defendant maintained that "he took no action with respect to any firearm."  *Id.* at 72.  The Court, therefore, stated that the defendant "advanced one part (the drug part) of a two-part incident—or to speak a bit more technically, *one element* (the drug element) of a *two-element crime*."  *Id.* (emphasis added).

Furthermore, our circuit's case law demonstrates that "the drug element" of § 924(c) requires the prosecution to prove the defendant committed a specific drug trafficking

crime, not just *any* drug trafficking crime. In *United States v. Rios*, 449 F.3d 1009, 1012 (9th Cir. 2006), we held:

> To prove that [the defendant] possessed a firearm in furtherance of a drug trafficking crime in violation of § 924(c)(1)(A), the government must show that (1) [the defendant] participated in the conspiracy to traffic in prescription drugs; 2) [he] possessed the firearm; and (3) [his] possession of the firearm was "in furtherance" of the drug trafficking conspiracy.

(citing *United States v. Mann*, 389 F.3d 869, 879 (9th Cir. 2004)); *see also United States v. Hector*, 474 F.3d 1150, 1157 (9th Cir. 2007) (explaining that "courts generally look to see if the government has shown a *specific* 'nexus' between the *particular* firearm and the *particular* drug crime at issue"); *United States v. Krouse*, 370 F.3d 965, 967 (9th Cir. 2004) (concluding that § 924(c) "requires proof that the defendant possessed the weapon to promote or facilitate the underlying crime"); *United States v. Mendoza*, 11 F.3d 126, 128 (9th Cir. 1993) (holding that an "essential element" of § 924(c) is "the relation between the firearm and the underlying offense").

A "peek" at the record also supports the government's argument that a necessary element of a § 924(c) conviction is the commission of a particular drug trafficking crime. Furaha's indictment charges two crimes that constitute drug trafficking crimes: (1) possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (2) possession with intent to distribute cocaine in violation of the same provisions. Count Three of

the indictment—the § 924(c) charge—alleges that Furaha "knowingly carr[ied] a firearm during and in relation to the drug trafficking crimes alleged in Counts One and Two herein[.]" Therefore, in charging Furaha with violating § 924(c), the indictment identifies the specific drug trafficking crimes that serve as predicate offenses.

Furaha contends that the indictment supports his argument that § 924(c) is indivisible because a jury could convict him on Count Three without identifying the specific crime serving as the predicate offense. In other words, Furaha maintains that we cannot know whether the jury could have found beyond a reasonable doubt that he committed the heroin offense or the cocaine offense, only one of which is essential to a § 924(c) conviction. *Cf. In re Gomez*, 830 F.3d 1225, 1227 (11th Cir. 2016) (granting an application to file a successive habeas motion because "the jurors . . . could have convicted Gomez of the § 924(c) offense without reaching unanimous agreement on during which crime it was that Gomez possessed the firearm").

A "peek" at this circuit's model jury instructions, however, forecloses Furaha's argument. The model jury instructions require the district court to "specify [the] applicable crime of violence or drug trafficking crime" that constitutes the predicate offense for a § 924(c) count. Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.71 (2010). "If the crime of violence or drug trafficking crime is not charged in the same indictment," then the model jury instructions require that "the elements of the crime . . . also be listed and [that] the jury . . . be instructed that each element must be proved beyond a reasonable doubt." *Id.* (citing *Mendoza*, 11 F.3d 126). The model jury instructions, therefore, do more than "suggest" that jury unanimity is required for the drug

trafficking crime, as Furaha argues.  The instructions specifically mandate it.  Furthermore, the model jury instructions do not contemplate the possibility of two drug trafficking crimes serving as alternatives for the predicate offense. *See id.*  Instead, the instructions specifically state that the jury must agree the defendant committed a *specified crime*, not "crimes."  *Id.*  Accordingly, the model jury instructions demonstrate that "drug trafficking crime" pursuant to § 924(c) is divisible.

The third and final step of the categorical approach requires us to apply the "modified categorical approach." *Mathis*, 136 S. Ct. at 2249.  "Under that approach," we "look[] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005); *Taylor*, 495 U.S. at 602).  We "then compare that crime," *i.e.*, the crime of which the defendant was convicted, "as the categorical approach commands, with the relevant generic offense." *Id.*

Furaha's plea agreement demonstrates that in addition to his conviction pursuant to § 924(c), Furaha pleaded guilty to two drug trafficking crimes: (1) possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (2) possession with intent to distribute cocaine in violation of the same provisions.  Either of these crimes could serve as the predicate for Furaha's § 924(c) conviction.  Pursuant to the definition in the Sentencing Guidelines, both crimes constitute "controlled substance offenses."  U.S.S.G. § 4B1.2(b).  Accordingly, under the modified categorical approach, Furaha's § 924(c) conviction is a "controlled substance offense" within the meaning of § 4B1.2(b).

## CONCLUSION

We conclude that the district court did not err in concluding that Furaha's § 924(c) conviction constitutes a "controlled substance offense," as defined by § 4B1.2(b). Therefore, we affirm the district court's application of the relevant sentencing enhancement because Furaha "committed" the § 924(c) "offense subsequent to sustaining one felony conviction of . . . a controlled substance offense[.]" U.S.S.G. § 2K2.1(a)(4)(A).

**AFFIRMED**.